STATE OF MAINE *vs.* CARL HUGHES.

STATE OF MAINE *vs.* EDWARD HUGHES.

Penobscot.      Opinion November 26, 1930.

*Albert G. Averill*, County Attorney, for the State.
*George E. Thompson*, for respondents.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-
TON, THAXTER, JJ.

PATTANGALL, C. J.   On report. Agreed statement of facts. These cases arose on complaints filed with the Bangor Municipal Court alleging violations of the provisions of Sec. 16, Chap. 211, P. L. 1921, respondents being specifically charged with having "unlawfully driven a vehicle, to wit, a gasolene shovel which was equipped with flanges and other objects attached to the wheels likely to bruise or injure the surface of the way, along and over Main Street, in said Bangor, without permit as required by law."

Respondents were found guilty and an appeal to the Superior Court followed, from which the cases were reported with this stipulation:

"If the gasolene shovel operated by the defendants is within the prohibition of the provisions of Sec. 16 of Chap. 211 of the Laws of Maine, 1921, then both respondents are to stand convicted and judgment is to be rendered by the Law Court for the state in both cases and remanded for sentence; if not, then a *nolle prosequi* is to be entered in both cases."

Sec. 16, Chap. 211, P. L. of 1921, so far as its provisions are applicable here, reads:

"Nor shall any vehicle, engine, team or contrivance of whatever weight be moved upon or over any way or bridge which has any flange, rib, clamp or other object attached to its wheels, or made a part thereof, likely to bruise or injure the surface of such way or bridge, without permit."

The agreed statement contains an admission that the shovel was operated by respondents, on the highway, at the time alleged. State's attorney construes the language of the statement to include an admission that the shovel was "unlawfully" operated and that it was of such construction as to make it "likely to bruise or injure the surface of such way."

Such a construction is negatived by the plea of not guilty and further negatived by the stipulation already quoted.

It was also agreed that the shovel "was of the caterpillar type, the propulsive power of which was exerted by means of a flexible band known as a movable track."

This latter agreed fact, defendants contend, takes the shovel out of the prohibition of Sec. 16, *supra,* claiming that Sec. 23 of the act which reads: "Tractors, the propulsive power of which is exerted not through wheels resting upon the ground, but by means of a flexible band or chain known as a movable track, shall not be subject to the limitation upon permissible weight per inch width of tire as provided in section forty-nine if the portions of the movable track in contact with the surface of the way present plane surfaces." makes an entirely separate class of machines which are constructed and propelled as was this shovel.

We can not agree with that contention. Such machines are by Sec. 23 exempted from the necessity of procuring permits as to weight. But the gist of this complaint is not the weight of the shovel. Indeed the weight is not given in evidence. The offence charged here is that the shovel is so constructed and equipped that its movement on the highway is "likely to bruise or injure the surface of the way."

The only evidence before us, other than the agreed statement, is a photograph of a similar shovel submitted as State's Exhibit 1.

An examination of this exhibit shows very plainly that the shovel had no "flange, rib or clamp" attached to its wheels or made a part thereof which could possibly come in contact with the surface of the way over which it was propelled.

Whether or not the "flexible band known as a movable track" might be considered "an object attached to the wheels" may be arguable, but even if this were admitted there is no evidence that its connection with the shovel or the equipment taken as a whole was "likely to bruise or injure the surface of the way." That is a question of fact. It is properly averred and the averment is material. The burden is upon the state to adduce sufficient proof in its support to satisfy the requirements of a criminal charge. This it has failed to do.

The entry in both cases must be,

*Nolle prosequi.*